IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SPACESAVER CORPORATION,

            Plaintiff,

   v.

THE MARVEL GROUP, INC. and
INTERNATIONAL SYSTEMS DEALERS ASSOCIATION,

            Defendants.

OPINION AND ORDER

08-cv-354-slc

---

      Plaintiff Spacesaver Corporation is suing defendants International Systems Dealers Association and the Marvel Group, Inc. for infringing a patent and a copyright that plaintiff owns for a gun cabinet. Defendant ISDA has filed an early motion for summary judgment on two grounds. First, ISDA says that it cannot be held liable for infringement because it has not made any sales or offers to sell the accused product. Second, ISDA says that plaintiff has failed to show that an exercise of personal jurisdiction over ISDA is appropriate in Wisconsin. ISDA "asserts this jurisdictional argument as a fallback position to be considered only in the event that this Court were unable to find itself unable to grant ISDA summary judgment on the merits for the reasons stated above." Dft.'s Br., dkt. 15, at 3-4.

      Both parties misconstrue the framework for addressing questions of personal jurisdiction. ISDA has the order of battle of reversed: a jurisdictional argument, even one related to personal jurisdiction, cannot be reserved as "a fallback argument" just in case the defendant loses on the merits. "Personal jurisdiction . . . is 'an essential element of the jurisdiction of a district . . . court,' without which the court is 'powerless to proceed to an adjudication.'" *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quoting *Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937)). An absence of personal jurisdiction may be waived by the defendant,

Fed. R. Civ. P. 12(h)(1), but once it is asserted, it must be decided before the merits. A defendant cannot argue that a court has jurisdiction to decide a claim in its favor but does not have jurisdiction to decide the case against it, which is essentially ISDA's position. Accordingly, I must decide first whether the court has personal jurisdiction over ISDA.

Plaintiff's mistake is equally basic and ultimately fatal to its position. It argues that defendant has the initial burden to show that an exercise of jurisdiction is improper, but the case it cites in support of that proposition makes it clear that the opposite is true. "It is by now well-settled that the party seeking to invoke the jurisdiction of a federal court has the burden of establishing that jurisdiction exists, and the burden may not be shifted to the party challenging the jurisdiction." *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 n.11 (7th Cir. 2003) (internal quotations omitted). *See also Hyatt International Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002) (when district court does not hold hearing on personal jurisdiction, plaintiff must "make out a prima facie case of personal jurisdiction"). Thus, plaintiff misses the mark when it protests that defendant has not done enough to show that an exercise of jurisdiction would be "unreasonable." As the proponent of jurisdiction, it is plaintiff's burden to prove that defendant ISDA has sufficient contacts with Wisconsin. Only after plaintiff makes that showing does the burden shift to defendant ISDA to show that requiring it to litigate in Wisconsin would be inconsistent with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985).

Plaintiff has failed to make a prima facie showing that defendant ISDA has sufficient contacts with the state of Wisconsin to be sued here in the context of this case. This is true even if I were to consider plaintiff's sur-reply brief, which does not point to any additional facts or

2

argument that would support the exercise of jurisdiction. To begin with, plaintiff fails to acknowledge that a personal jurisdiction analysis has two steps: a court must consider not only whether an exercise of jurisdiction satisfies due process requirements but also whether it complies with the state's long arm requirements. *International Medical Group, Inc. v. American Arbitration Association, Inc.*, 312 F.3d 833, 846 (7th Cir. 2002). Plaintiff does not identify any provision of Wisconsin's long arm statute, Wis. Stat. § 801.05, that would authorize an exercise of jurisdiction. This by itself would justify dismissal of the complaint as to defendant ISDA.

With respect to the requirements of due process, the parties acknowledge that there are two avenues for showing that a court has personal jurisdiction in a given case. "General jurisdiction" exists when a party's contacts with the state are "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Although physical presence is not required, a defendant's contacts with the forum "must be so extensive to be tantamount" to the defendant's "being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in [a Wisconsin] court in *any* litigation arising out of any transaction or occurrence taking place *anywhere* in the world." *Purdue Research Foundation*, 338 F.3d at 787. Specific jurisdiction is narrower: the court must find that the defendant has purposefully established minimum contacts with the forum state and that the cause of action arises out of or relates to those contacts. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997).

With respect to general jurisdiction, it is undisputed that defendant ISDA has no office, employees or real estate in Wisconsin. However, plaintiff argues that it can meet the

3

requirements for general jurisdiction because FSS Business Systems, Inc., a "non-shareholder member" of defendant ISDA, is headquartered in Wisconsin. According to the exhibit plaintiff cites, "[m]embers are entitled to purchase products through the ISDA network, but do not have ownership stakes in the association." Dkt. 33-5, at 1. Since 2000, FSS has made annual purchases "through" ISDA in amounts between $38,000 and $108,000, meaning that ISDA paid for these purchases and was then reimbursed by FSS. In addition, two of ISDA's "business partners" are "located" in Wisconsin.

These contacts are not sufficient to provide a basis for general jurisdiction. With respect to the "business partners," plaintiff does not specify the nature of the partnerships or the extent of the partners' presence in the state, making it impossible to determine how the relationships might affect a jurisdictional analysis. Plaintiff provides more details regarding the relationship with FSS, but these facts do not help plaintiff's cause. The law is clear that FSS's contacts with Wisconsin cannot be imputed to defendant ISDA. Due process entitles each party to have its contacts evaluated on their own merits; even a subsidiary's contacts normally may not be imputed to the parent. *Purdue Research Foundation*, 338 F.3d at 788 n.17.

Even if I viewed FSS's and ISDA's relationship as one of buyer and seller, this would not be enough. Significant sales to one Wisconsin business would likely be sufficient to show that an exercise of specific jurisdiction was appropriate for a case arising out of those sales, but they cannot carry the day under general jurisdiction. "When a defendant . . . does not conduct business generally in the forum state but has transacted some business there,

4

the defendant can be subject to suit . . . on causes of action arising from the business transaction conducted in the state. In that circumstance he is considered subject to the specific, rather than the general, jurisdiction of the state's courts." *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.* 28 F.3d 572, 580 (7th Cir. 1994). Because plaintiff does not argue that FSS's purchases have anything to do with this case, plaintiff cannot use those sales to keep defendant ISDA in the lawsuit.

Plaintiff discusses specific jurisdiction in its briefs, but does not propose any facts in support of its argument, which is contrary to this court's summary judgment procedures. *Procedure to Be Followed on Motions for Summary Judgment*, I.B.4 ("The court will not consider facts contained only in a brief."). Even in its briefs, plaintiff says only that the requirements for specific jurisdiction over defendant ISDA are met "based on its distribution of the ISDA sales documents to FSS in Wisconsin." Plt.'s Br., dkt. 33, at 6. Plaintiff does not explain how these documents are related to this lawsuit, nor does plaintiff otherwise develop an argument that the relationship is sufficient to justify an exercise of jurisdiction. Thus, plaintiff has twice waived any argument it might have for specific jurisdiction. *Fabriko Acquisition Corporation v. Prokos*, 536 F.3d 605, 607-08 (7th Cir. 2008) ("[A] district court is entitled to demand strict compliance with . . . rules for responding to a motion for summary judgment, and . . . a court does not abuse its discretion when it opts to disregard facts presented in a manner inconsistent with the rules."); *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived").

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendant International Systems Dealers Association, dkt. 14, is GRANTED and the complaint is DISMISSED as to that defendant for lack of personal jurisdiction. Plaintiff Spacesaver Corporation's motion to file a sur-reply, dkt. 44, is DENIED as unnecessary.

Entered this 7th day of November, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge