IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

SPACESAVER CORPORATION,

                    Plaintiff,

        v.

THE MARVEL GROUP, INC.,

                  Defendant.

ORDER

08-cv-354-slc

---

Plaintiff Spacesaver Corporation has moved for entry of default and for a default judgment under Fed. R. Civ. P. 55(a) and (b) because defendant Marvel Group, Inc. failed to file a timely answer to plaintiff's October 8, 2008 amended complaint.  (Plaintiff's filed its motions against International Systems Dealers Association as well, but I have dismissed that party for plaintiff's failure to show that this court had authority to exercise personal jurisdiction over the association.  Dkt. #54.)   Plaintiff's motions will be denied.

A default judgment should be entered "only in extreme situations, or when other less drastic sanctions have proven unavailing. . . [I]t is a weapon of last resort, appropriate only when a party wilfully disregards pending litigation." *Sun v. Board of Trustees of University of IL*,  473 F.3d 799, 811 (7th Cir. 2007).  Plaintiff cites *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990), for the proposition that defendant must show "good cause" to avoid a default judgment.  Plaintiff is wrong: *Merrill Lynch* addressed the standard for *setting aside* a

default judgment, not entering one in the first instance.  The court of appeals explained the difference in *Mommaerts v. Hartford Life and Acc. Ins. Co.*,  472 F.3d 967, 968 (7th Cir. 2007):

> Both sides proceed as if [the defendant] needed "good cause" to avoid entry of default. That's not right. "Good cause" is the standard for vacating a default after its entry. *See* Fed. R. Civ. P. 55(c). What [the defendant] needed was an extension of time to file its answer. Extensions may be granted, after the time for action has passed, when justified by "excusable neglect." *See* Fed. R. Civ. P. 6(b)(2). That term, the subject of *Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), "encompasses situations in which the failure to comply with a filing deadline is attributable to negligence" if the oversight is excusable.  507 U.S. at 394, 113 S.Ct. 1489.

Defendant represents that it overlooked the deadline for filing an answer to the amended complaint in the midst of other events in the case, including a number of discovery disputes. This may not be the best excuse, but I cannot say that defendant has "wilfully disregard[ed] pending litigation." *Sun*, 473 F.3d at 811.  Defendant has now filed its answer, only a few days late.  Plaintiff has not suggested that the progress of the case has been delayed or that it has been otherwise prejudiced in any way.  Under these circumstances, entry of a default judgment would be an extreme and inappropriate sanction.  *Mommaerts*, 472 F.3d at 968 (upholding refusal to grant default judgment when answer was two weeks late and plaintiff could not show any prejudice).


ORDER

IT IS ORDERED that plaintiff Spacesaver Corporation's motions for entry of default, dkt. #48, and for default judgment, dkt. #50, are DENIED; defendant Marvel Group, Inc.'s motion for leave to file an answer, dkt. #52, is GRANTED.

Entered this 12th day of November, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge