IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

SPACESAVER CORPORATION,

                   Plaintiff,

      v.

THE MARVEL GROUP, INC.,

                   Defendant.

ORDER

08-cv-354-slc

---

Two motions filed by defendant Marvel Group, Inc. are before the court: (1) a motion to consolidate this case with case no. 09-cv-54-slc (dkt. #80); and (2) a motion for leave to amend its answer to include a new affirmative defense (dkt. #81). The first motion is easily resolved. Because plaintiff has voluntarily dismissed case no. 09-cv-54-slc, the motion to consolidate is moot.

Defendant's second motion is only slightly more complicated. Defendant wishes to amend its answer to include an affirmative defense under 28 U.S.C. § 1498(a), which says that. when a patented invention "is used or manufactured by or for the United States . . . the owner's remedy shall be by action against the United States in the United States Court of Federal Claims." Although the language of the statute suggests that § 1498(a) deprives district courts of jurisdiction over cases within the statute's purview, the Court of Appeals for the Federal Circuit has held that "section 1498(a) is an affirmative defense rather than a jurisdictional bar." *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1381 (Fed. Cir. 2002).

Although it is curious that defendant did not raise this defense earlier (one would think that defendant would be aware from the beginning whether its products were made for the government), this does not mean that defendant has "waived" the defense, as plaintiff suggests. To begin with, regardless whether defendant raised the defense, plaintiff may not obtain an injunction in this court to stop defendant from doing business with the United States. *W.L. Gore & Associates, Inc. v. Garlock, Inc.*, 842 F.2d 1275, 1283 (Fed Cir. 1988) (denying as unnecessary request to modify injunction to include limitation under § 1498(a) because that limitation is inherent in every patent injunction). Thus, the only question is whether defendant may raise the defense for the purpose of seeking dismissal of plaintiff's claim for damages.

The only reason plaintiff identifies for denying defendant's motion is delay, but that is rarely enough. "Delay, standing alone, may prove an insufficient ground to warrant denial of leave to amend the complaint; rather, the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004). Because plaintiff fails to even argue that it will be unfairly prejudiced by defendant's amendment, I will grant the motion.

ORDER

It is ORDERED that defendant Marvel Group, Inc's motion to consolidate, dkt. #80, is DENIED as moot; its motion for leave to amend its answer, dkt. #81, is GRANTED.

Entered this 19th day of March, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge