IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SPACESAVER CORPORATION,

                Plaintiff,

v.

THE MARVEL GROUP, INC.,

                Defendant.

OPINION and ORDER

08-cv-354-slc

---

The court of appeals has noted many times that fee disputes often become a case of the tail wagging the dog. *E.g., Estate of Enoch ex rel. Enoch v. Tienor,* 570 F.3d 821, 823 (7th Cir. 2009)*; Assessment Technologies of WI, LLC v. WIREdata, Inc.,* 361 F.3d 434, 438 (7th Cir. 2004)*; Ustrak v. Fairman,* 851 F.2d 983, 987-88 (7th Cir. 1988). Unfortunately, this is another example of such a case. In briefs more than twice as long as any other filed in this case, the parties rehash almost every aspect of the case's history in an attempt to argue for or against defendant Marvel Group, Inc's motion for attorney fees and non-taxable costs, dkt. 112.

Plaintiff Spacesaver Corporation brought this suit against defendant in June 2008, contending that defendant was making and selling weapon cabinets that infringed two design patents and a copyright owned by plaintiff. In May 2009, I granted plaintiff's motion to voluntarily dismiss the case with prejudice. Dkt. 110. Defendant now argues that it is entitled to attorney fees and non-taxable costs under 17 U.S.C. § 505 (for the copyright claim), 35 U.S.C. § 285 (for the patent claim) and 28 U.S.C. § 1927 (for all claims). I am denying this motion for the reasons set forth below.

**I. Copyright Act**

Under 17 U.S.C. § 505, a district court "in its discretion" may award "reasonable attorney fees" to the prevailing party in a copyright case, whether the prevailing party is the plaintiff or defendant, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994), and whether the party prevailed on the merits or because the other party "threw in the towel" by voluntarily dismissing its claims. *Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008). Although the statute does not include a standard for awarding fees, the court of appeals has held that the prevailing party is entitled to a presumption of a fee award, a presumption that is "very strong" when the prevailing party is the defendant, who is unable to reclaim costs and fees through an award of damages. *Assessment Technologies of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004).

Because plaintiff "threw in the towel" by voluntarily dismissing its copyright claim, defendant is the prevailing party under § 505. However, this does not mean that defendant is automatically entitled to a fee award. A presumption may be rebutted depending on the facts of a particular case. *Eagle Services Corp. v. H2O Industrial Services, Inc.*, 532 F.3d 620, 625 (7th Cir. 2008); *see also Fogerty,* 510 U.S. at 534 n.19 (listing various factors that may affect decision on attorney fees, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance consideration of compensation and deterrence").

In this case, plaintiff's atypical reasons for walking away from this lawsuit show why the ordinary presumption should not be dispositive. In its voluntary dismissal motion, plaintiff pointed primarily to defendant's affirmative defense under 28 U.S.C. § 1498, which plaintiff

said "will likely prevent [it] from recovering damages from Marvel for a significant portion of the infringing sales." Dkt. 107.[1] In addition, plaintiff cited defendant's redesign of its cabinets, which defendant performed after plaintiff filed this lawsuit.

Defendant does not seriously challenge plaintiff's stated reasons. It attempts to argue that plaintiff's lawsuit lacked merit even without regard to the § 1498 defense or the redesign, but defendant's previous actions and words are more telling. As a starting point, it is unlikely that a company would undertake the potentially time-consuming and expensive redesign of its product in response to an intellectual property lawsuit unless the infringement allegations had merit. Indeed, in one of the motions for summary judgment that defendant filed before plaintiff moved to dismiss its lawsuit, defendant admitted that it "redesigned its original product to further avoid" plaintiff's protected designs. Dkt. 96, at 1. Defendant did not even bother to raise an argument regarding infringement as it related to defendant's original cabinets. Although defendant filed two motions for summary judgment, one focused entirely on its affirmative defense under § 1498 and the other was a motion for partial summary judgment related only to the redesigned cabinet. *See* dkts. 91 & 96.

If there were any doubt regarding the merit of plaintiff's claim, one need only compare plaintiff's copyrighted design with defendant's design:

---

[1] The defense under 28 U.S.C. § 1498 is based on defendant's allegation that all of its allegedly infringing sales were to the U.S. military. Section 1498 prohibits plaintiffs from suing an alleged infringer of a patent or copyright when the alleged infringement involves sales to the federal government; the sole remedy in such a case is to file a claim against the United States in the Court of Claims. The Court of Appeals for the Federal Circuit has held that "section 1498(a) is an affirmative defense rather than a jurisdictional bar." *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1381 (Fed. Cir. 2002).

 

Spacesaver's copyright        Marvel weapons cabinet

These designs are very similar, almost indistinguishable. Defendant cannot argue plausibly that plaintiff's original infringement contentions were weak.

In light of this conclusion, the question is whether plaintiff acted reasonably in responding to defendant's redesign of its cabinets and its assertion of an affirmative defense under § 1498. Because I conclude that defendant's own conduct was primarily responsible for the delay in resolving this case, an award under § 505 would be inappropriate.

Plaintiff became aware of defendant's redesign in November 2008; defendant's affirmative defense under § 1498 did not become part of the case until defendant filed its second amended answer on March 27, 2009. Dkt. 89. Thus, there is no basis for defendant to claim that it is entitled to fees or costs that it incurred before November 2008. Before that time, plaintiff had no reason to believe that its claims would be dismissed or even limited. Defendant suggests that plaintiff should have anticipated a defense under § 1498, but this argument is meritless in light of defendant's own failure to realize that it had such a defense until nine months after plaintiff filed the complaint. In any event, as plaintiff points out, it had no

4

obligation to anticipate affirmative defenses that defendant might raise. *Davis v. Indiana State Police*, 541 F.3d 760, 763-64 (7th Cir. 2008). Even if plaintiff did have such an obligation, defendant has failed to show that plaintiff knew or should have known that defendant's only customer was the United States government.

Defendant's position is only a bit more plausible with respect to the time between November 2008 and March 27, 2009. But even assuming that the redesign would have prevented plaintiff from obtaining injunctive relief, plaintiff still would have been entitled to damages for any acts of infringement that occurred while defendant still was making and selling the original cabinets. Thus, plaintiff should not be penalized for maintaining its right to sue before defendant raised its defense under § 1498.

The only substantial question under § 505 is whether defendant is entitled to costs and fees that it incurred after March 27, 2009. I cannot conclude as defendant suggests that plaintiff should have dismissed its claims immediately once defendant asserted the § 1498 defense. Before voluntarily walking away from an otherwise viable lawsuit, plaintiff was entitled–and its lawyers almost were obliged– to conduct their own evaluation of the law and the evidence to determine whether and to what extent § 1498 shielded defendant from liability. Defendant has failed to show that the month that elapsed before plaintiff first offered to dismiss the case on April 21, 2009 was an unreasonable amount of time to conduct such an investigation. Although defendant complains that it was forced to bear the expense of two motions for summary judgment that it filed on April 10, these expenses were the direct result of its own failure to raise a § 1498 defense until the eve of summary judgment.

Defendant points out that the April 21 offer of dismissal is somewhat misleading because at that time plaintiff was offering to dismiss the case *without* prejudice, a position that plaintiff does not attempt to defend now. This might have been a ground for awarding partial fees if defendant's own actions had been more reasonable. However, it seems to be undisputed that defendant simply failed to respond to plaintiff's offer. When plaintiff extended a second offer on May 7, 2009, this time to dismiss the case *with* prejudice, defendant's response on May 11 was to demand that plaintiff "dismis[s] with prejudice all pending litigation" (including other cases) and pay defendant $1,200,000, an amount that is more than double defendant's estimate of its fees and non-taxable costs now.[2] Defendant offers no explanation for ignoring plaintiff's first offer and it does not attempt to justify its almost piratical demands in response to the second offer. Three days later, on May 14, 2009, plaintiff filed a motion with the court to voluntarily dismiss this case, which I granted on May 21, 2009.

On these singular facts and circumstances, I conclude that plaintiff has rebutted the presumption in favor of fees under § 505. To the extent that defendant incurred what it now deems unnecessary costs and fees in this case, the blame lies with defendant's strategy and tactics. There is no reason to foist the cost of defendant's choices onto plaintiff.

---

[2] Defendant estimates that it incurred $3,000 in non-taxable costs, $23,500 in expert fees and a whopping $470,000 in attorney fees, which itself is a surprisingly high number in light of the relatively simple nature of this case.

**II. Patent Act**

Under 35 U.S.C. § 285, a district court may award attorney fees to the prevailing party in an "exceptional" patent case. Although this standard indicates that an award of fees is a rare event, this has not stopped prevailing parties in this district from seeking fees as a matter of course. But as a point of logic, if every patent lawsuit is exceptional, then none of them is. There must be a more objective standard than the opinion of the attorneys for the winning side.

The statute does not define the meaning of "exceptional," but case law shows that "only a limited universe of circumstances warrant a finding of exceptionality in a patent case: inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement." *Wedgetail Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1304 (Fed. Cir. 2009) (internal quotations omitted). Much of defendant's argument under § 285 is the same as its argument under the Copyright Act, which I need not discuss again. Most of the rest relates to alleged discovery abuses by plaintiff.[3] These alleged abuses fall into two categories: (1) using "confidential" documents inappropriately; and (2) "dragging its feet" in complying with discovery requests.

With respect to the alleged instances of feet dragging, defendant does not suggest that plaintiff violated any court orders or even that defendant brought these problems to the court's attention, so these alleged deficiencies cannot support a fee award. Breaching a confidentiality

---

[3] Defendant also relies on other disputes between the parties before this court and in other forums, but it cites no authority for the proposition that a court may consider conduct outside the instant action in considering a motion under § 285. After all, the question is whether *this* case is "exceptional," not whether there might be grounds for awarding fees in another case. In any event, defendant fails to point to any conduct by plaintiff in other cases that would warrant a fee award in this one.

agreement could be a more serious issue, but I cannot conclude that defendant's allegations are sufficient to justify an award under § 285 for several reasons.  Again, defendant never raised any issues to the court regarding breaches in confidentiality before bringing this motion, which distinguishes this case from *Frazier v. Layne Christensen Co.*, No. 04-C-315-C, 2005 WL 372253 (W.D. Wis. Feb. 11, 2005), a case defendant cites in which I granted a party's motion to enforce a protective order and sanctioned the offending party by directing it to a pay $4000 to the clerk of court.

      Second, defendant fails to provide specifics about the alleged violations.  It says only that plaintiff gave confidential documents to one fact witness and one expert without first obtaining an undertaking from that witness or providing proper notice to defendant.  However, without a description of these documents, it is impossible to determine the nature of the alleged violation or even whether the documents were appropriately classified as confidential  Notably, defendant does not suggest that the witnesses should have been prohibited from viewing the documents, only that plaintiff failed to follow the proper procedure for sharing them.  Perhaps more importantly, defendant does not identify any prejudice it suffered as a result of plaintiff's procedural deficiencies.

      Finally, any discovery violations by plaintiff must be weighed against those of defendant. For example, in its opposition to defendant's motion for attorney fees, plaintiff alleges that defendant failed to comply with court-ordered discovery requests and that it repeatedly ignored requests by plaintiff to take depositions and then failed to make witnesses available for several more months.  Defendant does not seriously deny these allegations.  Having refereed similar discovery disputes in dozens of patent lawsuits, I will quell the urge to editorialize and simply

8

observe that there was nothing exceptional about any of this, certainly nothing that would warrant an award of attorney fees to defendant.  *See, e.g., Extreme Networks, Inc. v. Enterasys Networks, Inc.*, 07-C-229-C, 2008 WL 4756498, *6 (W.D. Wis. Oct. 29, 2008).

### III.  28 U.S.C. § 1927

Like § 285, the application of § 1927 is very limited.  It allows a court to award attorney fees against a party "who . . . multiplies the proceedings in any case unreasonably and vexatiously."  Because defendant raises no new grounds in support of a fee award under this statute, I will deny defendant's request under § 1927 as well.

### ORDER

It is ORDERED that defendant The Marvel Group, Inc.'s motion for attorney fees and non-taxable costs under 17 U.S.C. § 505, 35 U.S.C. § 285 and 28 U.S.C. § 1927, dkt. #112, is DENIED.

Entered this 13th day of October, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge